J-S23044-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA STOKES, | : | |
| | : | |
| Appellant | : | No. 1240 EDA 2019 |

Appeal from the PCRA Order Entered January 24, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008090-2010

BEFORE:    LAZARUS, J., KUNSELMAN, J. and COLINS, J.*

MEMORANDUM BY COLINS, J.:                **FILED OCTOBER 15, 2021**

Appellant, Joshua Stokes, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm in part, vacate in part, and remand for proceedings consistent with this memorandum.

This Court previously summarized the relevant facts and procedural history of this case.  ***See Commonwealth v. Stokes***, 159 A.3d 1015 (Pa. Super. 2016) (unpublished memorandum at 1–3).  Briefly, on May 3, 2010, Appellant and another individual shot at Philip Riddick as Riddick drove away in a vehicle.  Approximately one week later, Riddick's girlfriend, Marquita Taylor, reported to police that Appellant had approached her outside her home and told her that she "'better not go to court,' or 'something will happen.'"

---

[1] 42 Pa.C.S. §§ 9541-9546.

*Retired Senior Judge assigned to the Superior Court.

*Id.* (unpublished memorandum at 2), *quoting* N.T., 7/12/12, at 49–50. A jury convicted Appellant of criminal conspiracy, aggravated assault, persons not to possess firearms, carrying firearms without a license, possessing instruments of crime, and intimidation of witnesses or victims. The trial court sentenced Appellant to an aggregate term of incarceration of 35 to 70 years. No post-sentence motions were filed.

Appellant timely filed an appeal, which this Court dismissed for failure to file a docketing statement. Thereafter, Appellant filed a counseled petition pursuant to the PCRA, seeking reinstatement of his right to file a direct appeal *nunc pro tunc*. Following a hearing, the PCRA court granted the petition and reinstated Appellant's direct appeal rights *nunc pro tunc*. Appellant filed a notice of appeal *nunc pro tunc* and this Court affirmed Appellant's judgment of sentence.[2] On May 23, 2017, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Stokes***, 169 A.3d 540 (Pa. 2017).

On February 6, 2018, Appellant timely filed this *pro se* petition pursuant to the PCRA, raising claims of ineffective assistance of trial and appellate counsel. The PCRA court appointed counsel, who filed an amended PCRA petition on June 19, 2018. Among other things, Appellant argued that trial counsel was ineffective for failing to object to the Commonwealth's closing

_____

[2] Appellant challenged, *inter alia*, the discretionary aspects of his sentence. Because Appellant failed to preserve the issue at sentencing or in a post-sentence motion, this Court found it waived. ***Stokes***, 159 A.3d 1015.

- 2 -

argument and failing to file a requested post-sentence motion. As a result, Appellant sought reinstatement of his post-sentence motion rights *nunc pro tunc*. On November 28, 2018, the Commonwealth filed a motion to dismiss. On January 24, 2019, the PCRA court dismissed Appellant's PCRA petition without a hearing.[3]

This timely filed notice of appeal followed.[4] Appellant raises the following issues on appeal:

1. Did the PCRA Court err by dismissing [Appellant's] timely Amended PCRA Petition without a hearing on the issue of whether trial counsel was ineffective for failing to object and move for a mistrial after the prosecutor made improper, prejudicial remarks in her closing argument?

---

[3] This order is listed among the docket entries but is not included in the certified record. "[U]nder the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent." **Commonwealth v. Preston**, 904 A.2d 1, 6 (Pa. Super. 2006). This Court *sua sponte* inquired into the status of this order; however, the trial court notified this Court that there is no paper order. "Where, as here, 'the absence [of the document] is attributable to court personnel, [the] Superior Court shall resolve on the merits the issue raised in the appeal.' **Commonwealth v. Barge**, 560 Pa. 179, 743 A.2d 429-30 (1999)." **Commonwealth v. Maddrey**, 205 A.3d 323, 325 n.4 (Pa. Super. 2019). Because there is no question that the PCRA court dismissed the petition and provided notice to Appellant of the dismissal, and Appellant filed a timely notice of appeal, we may resolve Appellant's issues on the merits.

Nonetheless, we observe that the PCRA court failed to provide Appellant notice pursuant to Pa.R.Crim.P. 907 prior to dismissing his petition. "The failure to challenge the absence of a Rule 907 notice constitutes waiver." **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (citation omitted). Appellant has not challenged the PCRA court's failure to provide Rule 907 notice on appeal. Thus, any challenge to that error is waived.

[4] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

- 3 -

2. Did the PCRA court err by dismissing [Appellant's] timely Amended PCRA Petition where a material issue of fact existed regarding whether [Appellant] instructed his prior counsel to file a post sentence motion for reconsideration, and said motion was not filed, thus waiving [Appellant's] sentencing claim?

Appellant's Brief at 2 (suggested answers omitted).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149 (Pa. Super. 2019); *Commonwealth v. Johnson*, 179 A.3d 1153, 1156 (Pa. Super. 2018). To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis designed to effectuate his client's interests; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Mason*, 130 A.3d at 618; *Velazquez*, 216 A.3d at 1149; *Johnson*, 179 A.3d at 1158. The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. *Mason*, 130 A.3d at 618; *Velazquez*, 216 A.3d at 1149; *Johnson*, 179 A.3d at 1158.

A convicted defendant does not have an absolute right to an evidentiary hearing on his PCRA petition. *Commonwealth v. Hill*, 202 A.3d 792, 797 (Pa. Super. 2019); *Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008).

> It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Turetsky*, 925 A.2d 876, 882 (Pa. Super. 2007) (citations omitted). Dismissal of a PCRA petition without a hearing is proper where the PCRA petitioner's factual assertions are insufficient to support a claim for relief. Pa.R.Crim.P. 907(1); *Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017); *see also Commonwealth v. Eichinger*, 108 A.3d 821, 849 (Pa. 2014).

Appellant first argues that trial counsel rendered ineffective assistance by failing to object to two sets of comments made by the Commonwealth during closing arguments. First, Appellant argues that counsel should have objected to the Commonwealth's characterization of the victim, Riddick, as not being the aggressor when the prosecutor stated that "he has never been arrested in his life, never in trouble, and they know it." Appellant's Brief at 7, *quoting* N.T., 7/19/12, at 65. Second, Appellant argues that counsel should have objected to the Commonwealth's insinuation that Appellant had a prior record based on the following statements:

> [T]he defense is asking you to not convict the defendant because when he was arrested, he's telling his friends he doesn't know what he's in for. **Well, what else is he doing? What else has he been doing?** So he's not sure what he's been arrested for **this** time. I don't know. I don't know what

- 5 -

these charges are. **What does that tell you about the defendant if he's unsure?**

*Id.* at 7, *quoting* N.T., 7/19/12, at 68 (emphasis in original).

According to Appellant, the comments concerning Riddick's lack of a criminal record "were comments on facts outside the record and not supported by any evidence." *Id.* at 8. Appellant further argues that he was prejudiced by these comments because the "case turned on the credibility of … Riddick" and the comments constituted "improper bolstering." *Id.* at 9. As to the Commonwealth's second set of comments, Appellant argues that these were not based on any evidence of record and improperly "conveyed to the jury that [Appellant] had committed other unrelated criminal conduct." *Id.* at 10. Stated briefly, Appellant contends these comments

> destroyed [his] chance for a fair trial. On the one hand, the prosecutor improperly vouched for the credibility of its star witness without any evidence of record to support that statement; and on the other hand the prosecutor told the jury that [Appellant] was a criminal who could not be believed. [Appellant's] trial was unfair, and thus his underlying claim has merit. The only question that really ought to be answered is whether trial counsel had a reasonable basis for his failure to object to these remarks. The only way to resolve that question is after the issue is fully litigated at an evidentiary hearing.

*Id.* at 12.

We consider this claim mindful of the following.

> [W]e recognize that a claim of ineffective assistance grounded in trial counsel's failure to object to a prosecutor's conduct "may succeed when the petitioner demonstrates that the prosecutor's actions violated a constitutionally or statutorily protected right, such as the Fifth Amendment privilege against compulsory self-incrimination or the Sixth Amendment right to a fair trial, or a

constitutional interest such as due process." ***Commonwealth v. Cox***, 983 A.2d 666, 685 (Pa. 2009) (quoting ***Commonwealth v. Tedford***, 960 A.2d 1, 29 (Pa. 2008)). "To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." ***Id.*** at 685 (quoting ***Greer v. Miller***, 483 U.S. 756, 765 (1987) (internal quotation marks omitted)). "The touchstone is fairness of the trial, not the culpability of the prosecutor." ***Id.*** Finally, "[n]ot every intemperate or improper remark mandates the granting of a new trial;" ***id.***, "[r]eversible error occurs only when the unavoidable effect of the challenged comments would prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict." ***Id.***

***Commonwealth v. Koehler***, 36 A.3d 121, 144 (Pa. 2012) (citations altered).

In its Rule 1925(a) opinion, the PCRA court concluded that the underlying claim lacked merit. Specifically, the PCRA court noted that in the first set of comments, "[t]he District Attorney never said [Riddick] was incapable of lying. She was merely commenting on the defense witnesses' characterization of the complainant." PCRA Court Opinion, 12/4/20, at 3 (unnumbered). As to the second set of comments, the court noted that it was "in response to [t]rial [c]ounsel's argument" and based on "taped prison calls which were introduced at trial." ***Id.***

Upon review of the certified record, Appellant's argument that the comments concerning Riddick were not based on evidence of record is belied by Riddick's trial testimony, wherein he specifically stated that he had never been in trouble or arrested. N.T., 7/9/12, at 75. Thus, the PCRA court did not err in dismissing this portion of the claim without a hearing because the underlying claim is without merit.

As to Appellant's challenge regarding the second set of comments, we conclude that Appellant's claim is not patently frivolous and without support in the record. First, although the PCRA court concluded the comments were based on the prison phone calls introduced at trial, we cannot determine whether the record supports the PCRA court's conclusion because the transcripts of those calls do not appear in the certified record. Second, although the PCRA court concluded that the comments were a fair response to Appellant's closing argument and therefore Appellant's claim had no merit, the PCRA court did not reference which portion of Appellant's closing argument it concluded prompted the response or offer any analysis as to how it reached that conclusion. We make no determination as to whether Appellant is ultimately entitled to relief on his claim that counsel was ineffective for failing to object to statements in the Commonwealth's closing argument concerning Appellant's knowledge of why he was arrested. However, we conclude that Appellant has set forth sufficient facts to warrant an evidentiary hearing on this claim. Accordingly, the PCRA court erred in dismissing that portion of his claim without a hearing.

Turning to Appellant's second claim, he argues that trial counsel was ineffective for failing to file a post-sentence motion for reconsideration, despite Appellant's instructing counsel to file such a motion. Appellant's Brief at 12. According to Appellant, if he instructed counsel to file a post-sentence motion and counsel failed to do so, "then prejudice is presumed because

counsel's failure caused [Appellant] to lose his right to appeal his sentence." *Id.* at 12–13. As noted, Appellant sought reinstatement of his post-sentence motion rights *nunc pro tunc*. *See* Amended PCRA Petition, 6/19/18, at ¶8.

For purposes of the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). As detailed *supra*, Appellant filed a prior PCRA petition seeking reinstatement of his direct appeal rights *nunc pro tunc* following this Court's dismissal of his first appeal for failure to file a docketing statement. Counsel was appointed, who filed an amended petition alleging trial counsel's ineffectiveness for failing to file a docketing statement and seeking reinstatement of Appellant's **direct appeal** rights *nunc pro tunc*. Appellant had the opportunity in that petition to allege trial counsel's ineffectiveness for failing to file a requested post-sentence motion and to seek reinstatement of his **post-sentence motion rights** *nunc pro tunc*, instead of only his direct appeal rights. Appellant failed to do so. Accordingly, because it is waived, the PCRA court did not err in dismissing this claim.

Based on the foregoing, we affirm the PCRA court's order in part and vacate in part. We vacate the portion of the order dismissing without a hearing Appellant's claim that counsel was ineffective for failing to object to the Commonwealth's closing argument statements concerning Appellant's

knowledge of why he was arrested and remand for an evidentiary hearing on that claim. We affirm the PCRA court's order in all other respects.

Order affirmed in part and vacated in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2021